IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HATCHETT<br>AND MARISOL HATCHETT,<br>Individually and as husband and wife<br>907 Marcella Street<br>Philadelphia, PA   19124<br><br>            vs.<br><br>JOSEPH ONDERCIN, P.A., a/k/a<br>DR. JOSEPH ONDERCIN<br>4510 Frankford Avenue<br>Philadelphia, PA   19124<br>      and<br>GREATER PHILADELPHIA<br>HEALTH ACTION, INC.<br>4510 Frankford Avenue<br>Philadelphia, PA   19124 | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

Pursuant to 42 U.S.C. § 233, the United States of America, on behalf of the above-named federal defendants, Joseph Ondercin and Greater Philadelphia Health Action, Inc., removes this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, the United States avers as follows:

1. On November 25, 2015, plaintiffs filed a Complaint in the Philadelphia County Court of Common Pleas. *See* Complaint, attached as Exhibit 1.

2. That complaint names as defendants Greater Philadelphia Health Action, Inc. (GPHA) and Joseph Ondercin, an employee of GPHA.

3. These federal defendants, by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c), are deemed federal entities and employees covered by the Federal Tort Claims Act.

4. By virtue of the Federally Supported Health Centers Assistance Act, 42 U.S.C.§ 233(c), Joseph Ondercin and GPHA are deemed federal employees or agencies of the United States.

5. Actions brought under the Federal Tort Claims Act may only be brought in Federal District Court. 28 U.S.C. § 1346. Therefore, this action must be removed to Federal District Court.

6. No bond is required to accompany this notice as it is being filed on behalf of the United States. 42 U.S.C.§ 233(c).

7. A certified copy of this Notice of Removal is being filed in the Prothonotary's Office of the Court of Common Pleas of Philadelphia County, Pennsylvania, and is being sent plaintiffs' counsel.

8. Removal of this action is timely pursuant to 42 U.S.C.§ 233(c), which provides that a civil action of this nature shall be removed at any time before trial.

WHEREFORE, the United States hereby submits notice of removal of this action.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_/s/ Margaret L. Hutchinson_
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

Dated: December 2, 2015

_/s/ Susan R. Becker_
SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA  19106

2

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Notice of Removal is being served on the following by first-class mail, postage prepaid:

James R. Radmore, Esquire
Law Offices of James R. Radmore, P.C.
Two Penn Center, Suite 520
1500 JFK Boulevard
Philadelphia, PA 19102
*Counsel for plaintiffs*

Joan E. Clarke, Esquire
Tucker Law Group, LLC
1617 JFK Blvd., Suite 1700
Philadelphia, PA 19103
*Counsel for Defendants GPHA and Joseph Ondercin*

_____
SUSAN R. BECKER
Assistant United States Attorney

Date: December 2, 2015

# EXHIBIT 1

Case 2:15-cv-06393-MSG   Document 1   Filed 12/02/15   Page 4 of 13

LAW OFFICES OF JAMES R. RADMORE, P.C.
BY: JAMES R. RADMORE, ESQUIRE
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA  19102
(215) 568-9900

jrr@radmore.net; msh@radmore.net



Attorney for Plaintiff(s)

| | | |
|---|---|---|
| TIMOTHY HATCHETT | : | COURT OF COMMON PLEAS |
| AND MARISOL HATCHETT, | : | PHILADELPHIA COUNTY |
| individually and as husband and wife | : | |
| 907 Marcella Street | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| vs. | : | FEBRUARY TERM, 2014 |
| | : | |
| JOSEPH ONDERCIN, P.A., a/k/a | : | |
| DR. JOSEPH ONDERCIN | : | |
| 4510 Frankford Avenue | : | |
| Philadelphia, PA  19124 | : | |
| and | : | |
| GREATER PHILADELPHIA | : | |
| HEALTH ACTION, INC. | : | |
| 4510 Frankford Avenue | : | |
| Philadelphia, PA  19124 | : | NO. 03066 |

## CIVIL ACTION COMPLAINT
## CODE 2M MEDICAL MALPRACTICE

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333
TTY: 215-451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y la notificacion. Hace falte asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Adamas, la cortes puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros defechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333
TYY: 215-451-6197

Case ID: 140203066

1. Plaintiffs, Timothy Hatchett and Marisol Hatchett, are adult individuals residing at the above-captioned address.

2. Defendant, Joseph Ondercin, P.A. a/k/a Dr. Joseph Ondercin at the time of the occurrence, held himself out as a physicians assistant providing medical care.. Upon information and belief, defendant, Ondercin was an agent, servant, or employee of Greater Philadelphia Health Action, Inc.,, or in the alternative, was a practitioner utilizing the facility.

3. At all times defendant, Ondercin, as a physicians assistant was working under the supervision of physicians who were the primary care provider for plaintiff.

4. During the month of February 2012, husband/plaintiff began to develop symptoms of cough and cold.

5. Husband/plaintiff sought treatment with defendant, Greater Philadelphia Health Action, Inc. and was seen by defendant, Ondercin, a Physicians Assistant.

6. Husband/plaintiff was not seen by a physician for his cough and cold.

7. Mr. Ondercin prescribed Penicillin to treat husband/plaintiff's condition.

8. Plaintiff was not asked about any prior allergy to Penicillin, history of having taken Penicillin previously and was not warned about possible allergic reaction.

9. On March 7, 2012, husband/plaintiff developed a rash on his abdomen and both arms with severe itching..

10. Husband/plaintiff presented to the Hospital that day and during his hospital course developed kidney failure, liver failure and jaundice.

11. Husband/plaintiff has now suffered permanent kidney damage likely requiring dialysis and kidney replacement

Case ID: 140203066

12. Said condition and injuries are the direct result of the negligence of defendants as hereinafter set forth.

## COUNT I
## TIMOTHY HATCHETT VS. JOSEPH ONDERCIN, P.A.
### a/k/a DR. JOSEPH ONDERCIN
### **NEGLIGENCE**

13. Paragraphs 1 through 12 are incorporated by reference as though fully set forth herein.

14. Defendant, Ondercin, acted individually, jointly and severally, and as the servant, workman and or employee of defendant, Greater Philadelphia Health Action, Inc.

15. During all relevant times and as a result of the above, Defendant, Ondercin, acted in a negligent manner and provided care to the Plaintiff which fell below the standard required of medical providers providing the aforesaid procedures and follow-up care.

16. The negligence, carelessness and omissions of Defendant, Ondercin, acting as aforesaid, consisted, of the following:

    (a)    failing to advise plaintiff of his status as a physicians assistant;

    (b)    failing to take a complete history to determine if husband/plaintiff had ever previously taken penicillin;

    (c)    failing to consider medication with less severe side-effects given the nature of the cough/cold complaints of husband/plaintiff

    (d)    failing to explain to plaintiff and warn of the possible allergic reactions and side-effects of penicillin despite husband/plaintiff never before having taken said medication;

    (e)    ignoring the known side effects and allergic reactions of penicillin in treating husband/plaintiff;

(f)  failing to adequately, properly and/or timely diagnose the condition of the husband/plaintiff so that his allergic reaction was allowed to develop;

(g)  failing to coordinate care with licensed physicians to assure that husband/plaintiff received appropriate medical care for his illness;

(h)  failing to exercise the proper skill, diligence, due care and caution under all of the circumstances and particularly failure to advise husband/plaintiff of possible allergic reaction and monitor husband/plaintiff's condition following prescribing Penicillin;

(i)  failing to direct and require the attention, advice and consultation of qualified and competent specialists to administer proper medical care upon the husband/plaintiff for the side effects of the Penicillin so that his condition was allowed to develop into permanent kidney damage;

(j)  failing to promptly have husband/plaintiff seen by a physician so that he could have been properly examined for possible allergic reaction;

(k)  failing to promptly have husband/plaintiff seen by a physician so that his condition would not have been allowed to develop into permanent kidney damage;

(l)  failing to properly and/or timely prescribe or supply proper medication other than penicillin so that husband/plaintiff's condition would not have been allowed to develop into permanent kidney damage;

17. As a result of the defendant's negligence and carelessness as aforesaid as aforesaid, husband/plaintiff suffered permanent kidney damage likely requiring dialysis and kidney replacement as well as other serious and permanent injuries.

18. Said defendants' negligence as set forth herein has subjected husband/plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries,

19. By reason of the injuries sustained, husband/plaintiff has been and may in the future

Case ID: 140203066

continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure himself of his injuries.

20. By reason of the injuries sustained, husband/plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation, all to his great damage and loss.

21. By reason of the injuries sustained, husband/plaintiff has incurred a loss of his earnings and earning capacity, all to his great damage and loss.

WHEREFORE, Husband/Plaintiff, Timothy Hatchett, demands judgment against defendant, Joseph Ondercin, P.A. a/k/a Dr. Joseph Ondercin, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## TIMOTHY HATCHETT VS. GREATER PHILADELPHIA HEALTH ACTION, INC.
## VICARIOUS LIABILITY

22. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

23. Defendant, Joseph Ondercin, P.A. a/k/a Dr. Joseph Ondercin, provided care and treatment to plaintiff as agent, servant, or employee of Greater Philadelphia Health Action, Inc.

24. At all times relevant hereto, defendant, Ondercin, was acting in the scope of his employment as agent, servant or employee of said Defendant.

25. At all times relevant hereto, defendant, Ondercin as well as physicians, nurses and other physicians assistants and support staff to be determined during discovery were acting in the scope of their employment as agents, servants, or employees of Greater Philadelphia Health Action, Inc. and the acts of defendant, Ondercin, and said agents as set forth herein caused the injuries and damages suffered by plaintiff.

Case ID: 140203066

26.   Defendant, Greater Philadelphia Health Action, Inc. is vicariously liable for the acts, commissions, or omissions of defendant, Ondercin and other physicians, nurses and other physicians assistants and support staff to be determined during discovery as fully as though the aforementioned physicians performed the acts or omissions themselves.

27.   As a result of the defendant's negligence and carelessness as aforesaid as aforesaid, husband/plaintiff suffered permanent kidney damage likely requiring dialysis and kidney replacement as well as other serious and permanent injuries.

28.   Said defendants' negligence as set forth herein has subjected husband/plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries,

29.   By reason of the injuries sustained, husband/plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure himself of his injuries.

30.   By reason of the injuries sustained, husband/plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation, all to his great damage and loss.

31.   By reason of the injuries sustained, husband/plaintiff has incurred a loss of his earnings and earning capacity, all to his great damage and loss.

WHEREFORE, Husband/Plaintiff, Timothy Hatchett, demands judgment against defendant, Greater Philadelphia Health Action, Inc., in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT III
### MARISOL HATCHETT vs. ALL DEFENDANTS
### LOSS OF CONSORTIUM

32.   Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

65.   At all times material hereto, Marisol Hatchett, plaintiff, was and is the wife of

Case ID: 140203066

plaintiff, Timothy Hatchett, and was and is entitled to the services, companionship, support, assistance, society, comfort, happiness and consortium of Timothy Hatchett, plaintiff.

66. As a direct and proximate result of the negligence of defendants and the injuries sustained by Timothy Hatchett, plaintiff, Marisol Hatchett, has been deprived of the services, companionship, support, assistance, society, comfort, happiness and consortium of Timothy Hatchett, her husband, and such deprivation and impairment will and/or may continue into the future, all to her great detriment and loss.

67. As a direct and proximate result of the negligence of defendants and the injuries sustained by Timothy Hatchett, plaintiff, Marisol Hatchett, has been and/or may be compelled to expend monies for medical aide, and/or medical treatment or modalities or medicine for her husband.

68. As a direct and proximate result of the negligence of defendants and the injuries sustained by Timothy Hatchett, plaintiff, Marisol Hatchett, has suffered and/or continues to suffer from the husband/plaintiff's loss of earnings and/or earning capacity and/or may in the future suffer from his loss of earnings and/or earning capacity.

WHEREFORE, plaintiff, Marisol Hatchett, demands damages against defendants herein in a sum in excess of Fifty-Thousand ($50,000) Dollars.

\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiffs

Case ID: 140203066

## VERIFICATION

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Plaintiff(s) in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to authorities.

                                                                           /s/James R. Radmore
                                                                           JAMES R. RADMORE, ESQUIRE

Case ID: 140203066

LAW OFFICES OF JAMES R. RADMORE, P.C.
BY: JAMES R. RADMORE, ESQUIRE
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA  19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net                    Attorney for Plaintiff(s)

| | |
|---|---|
| TIMOTHY HATCHETT <br> AND MARISOL HATCHETT, <br> individually and as husband and wife <br> 907 Marcella Street <br> Philadelphia, PA  19124 | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY |
| vs. | FEBRUARY TERM, 2014 |
| JOSEPH ONDERCIN, P.A., a/k/a <br> DR. JOSEPH ONDERCIN <br> 4510 Frankford Avenue <br> Philadelphia, PA  19124 <br> and <br> GREATER PHILADELPHIA <br> HEALTH ACTION, INC. <br> 4510 Frankford Avenue <br> Philadelphia, PA  19124 | NO. 03066 |

## CERTIFICATE OF SERVICE

I JAMES R. RADMORE, ESQUIRE hereby certify that a copy of Plaintiff's Notice of Appeal was filed electronically on November 25, 2015 and is now available for viewing and downloading from the Court's Electronic Case Filing System by Bernard W. Smalley, Esquire, Yvonne Barnes Montgomery, Esquire, Joan E. Clarke, Esquire, attorney's for the defendant, Greater Philadelphia Health Action, Inc.

LAW OFFICE OF JAMES R. RADMORE, P.C.

BY:   /s/James R. Radmore
          JAMES R. RADMORE, ESQUIRE

Case ID: 140203066